UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

LAVERY & SIRKIS, ESQUIRES
Joan Sirkis Lavery, Esq.
683 Unit 1-D Washington Street
Hackettstown, NJ 07840
908-850-6161
I.D.#JL4851
Attorney for Debtor

| | | |
|---|---|---|
| In Re: | : | |
| Amy and Ray Rodriguez | : | Case No.: 09-32452/RTL |
| Debtor, | : | Chapter 13 |
| | | |
| Amy and Ray Rodriguez Plaintiff, | | |
| v. | | |
| Valley National Bank and Chase Mortgage | | Adv. Pro. No. |
| Defendants | | |

**VERIFIED COMPLAINT TO ESTABLISH EXTENT, VALIDITY AND PRIORITY OF LIENS ON DEBTOR'S ASSETS AND FOR RELATED RELIEF**

Amy Rodrieguez, the Chapter 13 debtor (the "Debtor"), by and through her counsel, Joan Sirkis Lavery, Esq. by way of complaint against the above named defendants, respectfully shows unto the Court as follows:

The debtor originally had a first and second mortgage on her residence with Bank or America (previously Summit Bank & Fleet respectively).

On or about October 25, 2006, I obtained a third mortgage with Valley National Bank in the amount of $163,500.00. This money was used as a cash influx for my business which ultimately failed.

Soon after obtaining the 3rd mortgage from Valley National Bank we refinanced both our first and second mortgages with Bank of America into a single, what we thought was, a first mortgage with Chase in the amount of $300,000.00. This mortgage was recorded on October 31, 2006.

It was not until we filed the within bankruptcy seeking to cram down our third mortgage with Valley National Bank that we became aware that Valley National Bank was asserting that its lien was in first position.

## JURISDICTION AND VENUE

1. This is an adversary proceeding complain instituted pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

2. This action seeks to determine the validity, priority, extent and amount of the liens asserted against any and all assets of the Debtor (the "Assets") by the two named Defendants, and to void such liens to the extent they have not been perfected, or are otherwise subject to avoidance by Plaintiff as the Debtor's trustee.

3. This Court has jurisdiction concerning this adversary proceeding and the claims asserted herein pursuant to 28 U.S.C. 1334 (b).

4. This matter constitutes a core proceeded pursuant to 28 U.S.C.  157 (b)(2)(K).

5. Venue properly lies in the District of New Jersey pursuant to 28 U.S.C.  1409(a).

6. The Debtor is a corporation or limited liability company which had title to the Assets as of date of its Chapter 13 filing.

## BACKGROUND

7. On October 1, 2009, the debtor filed a Voluntary Petition pursuant to the provisions of the Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code").

8. Plaintiff has obtained information from various sources which suggests that the following parties may assert liens against the Assets:

9. Plaintiff notes that she lacks information regarding whether what she believed was her 1st mortgage with Chase Mortgage is in fact in first position by virtue of equitable subordination.

10. Plaintiff notes further that in the absence of the Court fixing the extent, validity and priority of their liens on the Assets, she cannot properly or effectively proceed with her pending Chapter 13 filing.

11. Accordingly, Plaintiff requires that the Defendants prove the extent, validity and priority of any liens they assert against the Assets.

## CAUSES OF ACTION FIRST COUNT

12. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1-11 above as if set forth herein at length herein.

13. By the within Complaint, Plaintiff, requests that Chase Mortgage and Valley National Bank each establish the extent, validity, priority and amount of their liens, if any, against the Assets.

    **WHEREFORE,** Plaintiff demands judgment against the Defendants as follows:

    a. For an order establishing the extent , validity, priority and amount of each Defendant's lien, if any, against the Assets;
    b. For such other and further relief as the Court deems just and proper.

    **Wherefore,** Plaintiff demands judgment against     as follows:

    a) Avoiding each asserted lien which is voidable pursuant to 11 U.S.C.  544, 547 or 548 or under other applicable law;
    b) For damages together with interest and cost of suit
    c) For such other and further relief as the Court deems just and proper.

Dated: February 8, 2010                                    By:

**<u>VERIFICATION</u>**

The undersigned hereby verifies the contents of the within complaint as being true in all respects to the best of her knowledge and belief.

Dated: February 23, 2010                                    /s/ Joan Lavery
                                                            Joan Lavery